IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYDIA MCCOY,

        Plaintiff,

v.

EXPERIAN INFORMATION
SERVICES, INC. et al.,

        Defendants.

No. 3:22-cv-00314-MO

ORDER AND OPINION

MOSMAN, J.,

On February 25, 2022, Plaintiff Lydia McCoy filed this action. Compl. [ECF 1]. She amended her complaint on July 20, 2022; Defendants moved to dismiss and stay discovery. Am. Compl. [ECF 24]; Defs.' Mot. to Dismiss [ECF 28]; Defs.' Mot. for Stay [ECF 29]. Plaintiff moved for and I granted a 30-day extension to file a response to Defendants' motions. Pl.'s Mot. for Extension [ECF 33]; Order on Pl.'s Mot. for Extension of Time [ECF 33]. However, Plaintiff did not file responses by the new deadline of September 14, 2022. Instead, she belatedly filed another motion for an extension of time to respond. Pl.'s Mot. for Extension [ECF 34]. For the reasons below, I deny Plaintiff's Motion for Extension [ECF 34], grant Defendants' Motion to Dismiss [ECF 28], and deny as moot Defendants' Motion for Stay [ECF 29].

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

1 – ORDER AND OPINION

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims that are barred because of the doctrine of claim preclusion inherently cannot state a claim for relief. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1096 (9th Cir. 2007).

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

In her Motion for Extension of Time [ECF 34], Plaintiff requests an extension due to a "HORRENDOUS DISEASE" that was allegedly caused by Defendants' "ATTACKS WITH CHEMICAL WEAPONS" on Plaintiff; Defendants also allegedly conspired to "steal[] [her] organs" in response to Plaintiff's attempt to unmask their corruption. Decl. in Supp. of Mot. for Extension [ECF 34] ¶¶ 2–3. These statements echo some of the allegations in Plaintiff's complaint: a giant web of wrongdoing and collusion among various "filthy, corrupt" private sector individuals and businesses—as well as judges and others—who allegedly conspired to evict Plaintiff so that she was required to live in a "filthy ghetto" where she was "injured, poisoned, and attacked" with chemical weapons. Am. Compl. ¶¶ 33, 40, 44. Because these reasons for failing

2 – ORDER AND OPINION

to timely file a response strain the imagination, I deny Plaintiff's Motion for Extension of Time [ECF 34] and proceed to analyze Defendants' Motion to Dismiss on the merits.

Not only are Plaintiff's allegations implausible, but they have also been brought before in this very court—and others. I take judicial notice of the fact that Plaintiff filed a nearly identical complaint to the one in this case in October 2021. Compl. [ECF 1], *McCoy v. SC Tiger Manor, LLC et al.*, No. 6:21-cv-01580-MC (D. Or. 2021). Judge McShane dismissed that complaint nearly immediately for a number of fatal flaws. These flaws included that Plaintiff was "merely attempting to relitigate here what she already litigated in her action in the Middle District of Louisiana," which was barred by the doctrine of claim preclusion. Op. and Order [ECF 4] at 2–3, *McCoy v. SC Tiger Manor, LLC et al.*, No. 6:21-cv-01580-MC (D. Or. Nov. 4, 2021).

So too here. Because Plaintiff has sought—and failed—to successfully litigate these same allegations before, her claims are barred by the doctrine of claim preclusion and therefore cannot state a claim upon which relief can be granted. In the alternative, Plaintiff's failure to timely respond to Defendants' Motion to Dismiss violates Local Rule 7-1(e)(1). Failure to follow local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

## CONCLUSION

In sum, I DENY Plaintiff's Motion for Extension of Time [ECF 34] and GRANT Defendants' Motion to Dismiss [ECF 28]. Defendants' Motion for Stay [ECF 29] is DENIED AS MOOT, as this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 26 day of September, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge

3 – ORDER AND OPINION